IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| IAN C. JEFFRIES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 2:21-cv-02161-JTF-atc |
| ) | |
| v. ) | |
| ) | |
| SHELBY COUNTY DEPARTMENT OF ) | |
| CORRECTIONS and SUMMIT FOOD ) | |
| SERVICES, ) | |
| ) | |
| Defendants. | |

ORDER MODIFYING THE DOCKET,
DISMISSING THE COMPLAINT WITHOUT PREJUDICE (ECF NO. 1),
AND GRANTING LEAVE TO AMEND

On March 16, 2021, Plaintiff Ian C. Jeffries, who at that time was incarcerated at the Shelby County Department of Corrections (the Jail) in Memphis, Tennessee, filed a *pro se* complaint pursuant to 42 U.S.C. § 1983. (ECF No. 1.)[1] On April 5, 2021, Jeffries submitted the $402 case initiation fee. (ECF No. 4.) His § 1983 complaint is before the Court for screening under the Prison Litigation Reform Act, 28 U.S.C. § 1915A; *see also* 28 U.S.C. § 1915(e)(2). Arising from incidents at the Jail in December 2020 and January 2021 related to Jeffries's food allergies, his § 1983 complaint asserts claims of: (1) Eighth Amendment violation for failure to observe his allergies to peas and coconut; (2) inadequate prison grievance process; and (3) retaliation. (ECF No. 1 at PageID 2-3.) The complaint names (1) the Shelby County Department of Corrections

---

[1] According to the Tennessee Department of Correction Felony Offender Information website, Jeffries is presently assigned to the Memphis Probation and Parole Office for four years. (*See* https://apps.tn.gov/foil-app/details.jsp.)

(SCDC) and (2) Summit Food Services as Defendants. (*Id*. at PageID 1 & 2.) He seeks: (1) $350,000 "for the pain and suffering I endured as a result of severe allergic reactions"; and (2) reinstatement of his housing assignment to a building eligible for good-time credits. (*Id*. at PageID 4.) The Clerk shall modify the docket to add (1) Shelby County; (2) Mrs. Williams, Counselor at Shelby County Department of Correction; and (3) Sergeant Eskedes as Defendants.

I.      **LEGAL STANDARDS**

    A.      **Screening Requirements**

The Court is required to screen prisoner complaints and to dismiss any complaint, or any portion thereof, if the complaint —

(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or

(2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b); *see also* 28 U.S.C. § 1915(e)(2)(B).

In assessing whether the complaint in this case states a claim on which relief may be granted, the Court applies the standards of Fed. R. Civ. P. 12(b)(6), as stated in *Ashcroft v. Iqbal*, 556 U.S. 662, 677-79 (2009) and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007). *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). The Court accepts a plaintiff's "well-pleaded" factual allegations as true and then determines whether the allegations "'plausibly suggest an entitlement to relief.'" *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 681). Conclusory allegations "are not entitled to the assumption of truth," and legal conclusions "must be supported by factual allegations." *Iqbal*, 556 U.S. at 679. Although a complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), Rule 8 nevertheless requires factual allegations

2

to make a "'showing,' rather than a blanket assertion, of entitlement to relief." *Twombly*, 550 U.S. at 555 n.3.

"*Pro se* complaints are to be held 'to less stringent standards than formal pleadings drafted by lawyers,' and should therefore be liberally construed." *Williams*, 631 F.3d at 383 (quoting *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004)). *Pro se* litigants, however, are not exempt from the requirements of the Federal Rules of Civil Procedure. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *see also Brown v. Matauszak*, 415 F. App'x 608, 612, 613 (6th Cir. Jan. 31, 2011) (affirming dismissal of *pro se* complaint for failure to comply with "unique pleading requirements" and stating "a court cannot 'create a claim which [a plaintiff] has not spelled out in his pleading'" (quoting *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975))).

### B. Requirements To State A Claim Under 42 U.S.C. § 1983

Plaintiff filed his complaint (ECF No. 1) pursuant to 42 U.S.C. § 1983, which provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress....

To state a claim under § 1983, a plaintiff must allege two elements: (1) a deprivation of rights secured by the "Constitution and laws" of the United States (2) committed by a defendant acting under color of state law. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150 (1970).

## II.  ANALYSIS

### A. Claims Against Shelby County Department of Corrections

Jeffries names the SCDC as a Defendant. (ECF No. 1 at PageID 1 & 2.) However, governmental departments and divisions are not suable entities. Therefore, the Court construes Jeffries's contentions against the SCDC as claims against Shelby County. *See generally Hafer v. Melo,* 502 U.S. 21 (1991).

Shelby County may be held liable under § 1983 *only* if Plaintiff's injuries were sustained pursuant to an unconstitutional custom or policy. *See Monell v. Dep't. of Soc. Serv.*, 436 U.S. 658, 691-92 (1978). To demonstrate municipal liability, a plaintiff "must (1) identify the municipal policy or custom, (2) connect the policy to the municipality, and (3) show that his particular injury was incurred due to execution of that policy." *Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003) (citing *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993)). "[T]he touchstone of 'official policy' is designed 'to distinguish acts of the *municipality* from acts of *employees* of the municipality, and thereby make clear that municipal liability is limited to action for which the municipality is actually responsible.'" *City of St. Louis v. Praprotnik*, 485 U.S. 112, 138 (1988) (quoting *Pembaur v. Cincinnati*, 475 U.S. 469, 479-80 (1986) (emphasis in original)). Jeffries's complaint does not allege that he suffered an injury because of an unconstitutional policy or custom of Shelby County. (*See* ECF No. 1 at PageID 2-3.) Accordingly, Jeffries's claims against Shelby County are dismissed for failure to state a claim to relief.

### B. Official Capacity Claims Against Mrs. Williams & Sergeant Eskedes

Jeffries does not specify whether he sues Defendants Williams and Eskedes in their official or individual capacities. Absent any indication that defendants are being sued individually, courts must assume that they are being sued in their official capacities. *Whittington v. Milby*, 928 F.2d 188, 193 (6th Cir. 1991)). The Court treats the official capacity claims against Williams and Eskedes as claims against their employer, Shelby County. *Matthews v. Jones*, 35

F.3d 1046, 1049 (6th Cir. 1994)); *Arsan v. Keller*, 784 F. App'x 900, 909 (6th Cir. 2019).  And courts may hold Shelby County liable *only* if a plaintiff sustained his injuries under an unconstitutional custom or policy.  *See Monell*, 436 U.S. at 694.

As explained *supra*, Jeffries does not sufficiently allege any Shelby County custom or policy, much less one by which he sustained constitutional deprivation.  *See Weaver v. Henderson Cnty.*, No. 16-1134-JDT-egb, 2017 WL 90386, at *2 n.1 (W.D. Tenn. Jan. 10, 2017).  Therefore, Plaintiff fails to state claims to relief against Williams and Jeffries in their official capacities.

C. **Individual Capacity Claims For Violation Of Jeffries's Eighth Amendment Rights**

Jeffries says he is "highly allergic to peas and coconut," as documented in his "records." (ECF No. 1 at PageID 2; *see also id*. at PageID 3 (Jeffries's allergic reactions to peas and coconut include hives, constricted breathing, lip swelling, and chest swelling) and ECF No. 1-1 at PageID 9.)  Jeffries states that his food "should not be prepared near peas or coconut or with the same utensils used to prepare food made with peas or coconut." (ECF No. 1 at PageID 2.)  He does not indicate whether a physician diagnosed his food allergies, and he does not identify the source that mandated the food preparation rules he describes.

On December 7, 2020, Jeffries suffered "a severe allergic reaction" at the Jail after he was "served food that had been in contact with peas." (*Id*.)  His "airways started to close up" and his "lips and chest started to swell."  He ran to counselor Williams's office to "call[] for a code white." (*Id*.)  Williams "cursed" him. (*Id*. at PageID 3 (December Incident).)  Jeffries received Epinephrin to treat his reaction. (*Id*.)

On January 9, 2021, Jeffries was served mixed vegetables that contained peas. (*Id*. at PageID 3.)  After he requested an allergen-free meal, he received "another tray that had been

cooked around peas." (*Id.*) Sergeant Eskedes "cursed out" Jeffries. (*Id.*) Jeffries suffered "hives and itching for an extended period of time" and received Benadryl. (*Id.* (January Incident).)

An inmate's claim that correctional facility defendants failed to serve him a special diet that avoids his food allergies invokes the Eighth Amendment, *see Balcar v. Smith*, No. 17-5159, 2017 WL 3613479, at *2 (6th Cir. July 17, 2017), which prohibits cruel and unusual punishments. *See generally Wilson v. Seiter,* 501 U.S. 294 (1991). As relevant here, the Eighth Amendment requires prison officials to provide inmates with a diet that is nutritionally adequate for the maintenance of normal health. *Clark–Murphy v. Foreback,* 439 F.3d 280, 292 (6th Cir. 2006). "The Eighth Amendment merely requires that [food] … be adequate to meet an inmate's essential nutritional needs." *Heinz v. Teschendorf,* No. 05–CV–73470, 2006 WL 2700813, at *8 (E.D. Mich. Sept. 19, 2006).

An Eighth Amendment claim has both objective and subjective components. *Farmer v. Brennan,* 511 U.S. 825, 834 (1994); *Hudson v. McMillian,* 503 U.S. 1, 8 (1992); *Wilson,* 501 U.S. at 298; *Williams,* 631 F.3d at 383. Its objective prong requires that the deprivation at issue be "sufficiently serious." *Farmer*, 511 U.S. at 834; *Hudson*, 503 U.S. at 8; *Wilson*, 501 U.S. at 928. A prisoner must show that he "is incarcerated under conditions posing a substantial risk of serious harm," *id.*; *see also Miller v. Calhoun Cnty.*, 408 F.3d 803, 812 (6th Cir. 2005), or that he has been deprived of the "minimal civilized measure of life's necessities," *Wilson*, 501 U.S. at 298 (quoting *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981)); *see also Hadix v. Johnson*, 367 F.3d 513, 525 (6th Cir. 2004). The objective component is implicated only if a food deprivation endangers an inmate's health. *Moore v. Curtis,* 68 F. App'x 561, 562 (6th Cir. 2003). The Eighth Amendment's subjective prong requires that jail officials acted with requisite intent -- *i.e.*, had a "sufficiently culpable state of mind." *Farmer*, 511 U.S. at 834; *see also Wilson*, 501 U.S. at 302-03 (plaintiffs

must show that prison officials acted with "deliberate indifference" to a substantial risk that the prisoner would suffer serious harm); *Dominguez v. Corr. Med. Servs.*, 555 F.3d 543, 550 (6th Cir. 2009). To be liable under the Eighth Amendment, a prison official must subjectively know of an excessive risk of harm to an inmate's health or safety and disregard it. *Farmer*, 511 U.S. at 837.

Even accepting Jeffries's factual allegations as true for screening purposes, he does not sufficiently allege either of the Eighth Amendment prongs.

*Objective Prong*: First, his complaint inadequately alleges the Eighth Amendment's objective prong. As an initial matter, Jeffries's contentions do suggest that his pea and coconut allergies are a sufficiently serious medical condition for Eighth Amendment purposes. A serious medical condition is one that, *inter alia*, is so obvious that even a lay person would perceive the need for a doctor's attention. *Blackmore v. Kalamazoo Cnty.*, 390 F.3d 890, 897 (6th Cir. 2004). "[A] medical condition need not be life-threatening to be serious; rather, it can be a condition that would result in further significant injury or unnecessary and wanton infliction of pain if not treated." *Crowder v. Hamilton Cnty. Sheriff's Office*, No. 1:11-cv-306, 2012 WL 1866514, at *3 (E.D. Tenn. May 22, 2012) (citation omitted). The Jail has acknowledged Jeffries's food allergies. (ECF No. 1-1 at PageID 9 & 10.) The complaint suggests dangers posed by Jeffries's allergies, including constricted breathing and chest swelling after he consumed food that contained, or was exposed to, peas. (ECF No. 1 at PageID 4.)[2] A "serious medical condition" may be plausibly inferred from these factual allegations.

---

[2] Jeffries states that he is highly allergic to both peas and coconut. The December Incident and January Incident occurred after his consumption of peas. However, his complaint is silent as to whether he has experienced any allergic reactions to coconut at the Jail.

However, Jeffries's exposure to allergy-triggering foods at the Jail does not *per se* establish "a deprivation of nutrition necessary to sustain his physical well-being." To make that showing, he must offer facts demonstrating that Defendants prevented him from receiving a nutritionally adequate diet. For example, he does not contend that all foods at the Jail contained allergens. He does not claim that the Jail's non-pea / non-coconut offerings were nutritionally lacking.[3] *See Sims v. Mich. Dep't of Corr.,* 23 F. App'x 214, 216 (6th Cir. 2001) ("Sims did not allege that he was denied sufficient food on a daily basis or that he could not maintain his health based on the diet provided him"); *Kelly v. Lain*, No. 08-cv-10448-DT, 2008 WL 4791951, at *3 (E.D. Mich. Oct. 28, 2008) ("'Allergies are not the type of medical problem that trigger the protection of the Constitution' … [T]he record does not indicate that Plaintiff was denied sufficient food to meet his basic nutritional needs …") (internal citation omitted). To show inadequate nourishment, courts typically require evidence of a connection between the challenged diet regimen and substantial weight loss. *See*, *e.g.*, *Crockett v. Core Civic*, No. 3:17-cv-00746, 2017 WL 3888352, at *3 (M.D. Tenn. Sept. 5, 2017); *Witschi*, 2014 WL 3735135, at *2 (collecting cases). Here, Jeffries does not: suggest any weight loss; claim any symptoms of malnutrition; contend he was unable to consume the majority of non-allergen foods the Jail offered; or indicate how many meals per day and how many days per month the Jail offered him only pea-containing meals.

---

[3] *See*, *e.g.*, *Witschi v. N. Carolina Dep't of Pub. Safety*, No. 1:14-cv-68-FDW, 2014 WL 3735135, at *3 (W.D.N.C. July 29, 2014) ("[T]o prevail on an Eighth Amendment claim under Plaintiff's [food allergy] theory of the case, he would have to show that he was not provided with adequate nourishment to sustain his health"); *Escalante v. Huffman,* No. 7:10–cv–00211, 2011 WL 3107751, at *9 (W.D. Va. July 26, 2011) (for food allergies to give rise to a "serious" medical need, the plaintiff would have to show that he did not receive adequate nourishment); *Manning v. Dolce*, No. 09-13840, 2011 WL 161966, at *3 (E.D. Mich. Jan. 3, 2011) ("Plaintiff does not allege that [allergen-containing meals] w[ere] a common practice — or that he was denied an adequate breakfast or lunch on the dates in question").

In sum, Jeffries's food allergies may themselves be "sufficiently serious." *See Farmer*, 511 U.S. at 834. But he does not offer factual allegations from which to plausibly infer that Defendants' food offerings to him posed "a substantial risk of serious harm" from inadequate nutrition. *See Balcar*, 2017 WL 3613479, at *2 ("This is not a case where food and nutrition were withheld entirely, which can be a violation of the Eighth Amendment").

<u>*Subjective Prong*</u>:   Jeffries does not meet the Eighth Amendment's subjective element either. He asserts that all Defendants knew about his pea allergy and compelled him to "return my food tray numerous times due to peas being on the tray [and] as a result I am afraid to eat and think that someone in the kitchen is trying to harm me." (ECF No. 1 at PageID 3.) Jeffries has not alleged sufficient facts of the Eighth Amendment's subjective prong to proceed past initial review.

First, he generalized allegation of a conspiracy in the Jail kitchen to harm him is conclusory and does not suggest Eighth Amendment deliberate indifference against any Defendants. Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, to be liable, an individual defendant must have caused or participated in a constitutional deprivation. *Iqbal*, 556 U.S. at 676. Jeffries's complaint does suggest that any Defendant personally knew about his pea and coconut allergy and still created a policy or enforced a practice of serving him foods containing, or crossed with, those allergens. At most, Jeffries's complaint suggests that Williams had delayed reaction time, that Sergeant Eskedes had poor temperament, and that Jeffries had to request replacements for occasional and inadvertent meal mix-ups. (ECF No. 1 at PageID 2-3 ("It was several minutes before [Williams and the nurse] even recognized that I was in need of medical attention") & PageID 3 ("I was cursed out for the second time by Sergeant Eskedes"). Williams' and Eskedes's occupational and interpersonal shortcomings do not state an injury of constitutional magnitude or show their wrongful state of mind.

9

Second, Jeffries acknowledges that he received medical attention[4] after both the December Incident and January Incident. (ECF No. 1 at PageID 3.) His medical care flatly contradicts any suggestion that Defendants intended either to wantonly inflict unnecessary pain or that they sought to deny him adequate nutrition. Without more, the Court cannot conclude that any Defendant had the requisite "sufficiently culpable state of mind," *see Farmer*, 511 U.S. at 834, for an Eighth Amendment violation.

In conclusion, Jeffries's complaint fails to state an Eighth Amendment claim to relief.

### D. Claim Against Summit Food Services

Summit Food Services is "the food services provider of Shelby County Department of Corrections." (ECF No. 1 at PageID 2.) Jeffries's complaint does not describe Summit's role, or that of any of its agents or its policies, in the December Incident or the January Incident.

"A private corporation that performs the traditional state function of operating a prison acts under color of state law for purposes of § 1983." *Thomas v. Coble*, 55 F. App'x 748, 748 (6th Cir. 2003) (citing *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996)). The Sixth Circuit has applied the standards for assessing municipal liability to claims against private corporations that operate prisons or provide medical care or food services to prisoners. *Id.* at 748-49; *Street*, 102 F.3d at 817-18; *Johnson v. Corr. Corp. of Am.*, 26 F. App'x 386, 388 (6th Cir. 2001); *see also Eads v. State of Tenn.*, No. 1:18-cv-00042, 2018 WL 4283030, at *9 (M.D. Tenn. Sept. 7, 2018). To prevail on a § 1983 claim against Summit, Jeffries "must show that a policy or well-settled custom of the company was the 'moving force' behind the alleged deprivation" of his rights.

---

[4] Jeffries criticizes the fact that he received only Benadryl after the January Incident instead of Epinephrin. (ECF No. 1 at PageID 3.) However, mere differences of opinion about the course of medical treatment do not constitute cognizable claims for constitutional deprivations. *See Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976).

10

*Braswell v. Corr. Corp. of Am.*, 419 F. App'x 622, 627 (6th Cir. 2011).  Plaintiff has not alleged that a policy or custom of Summit was the "moving force" behind the alleged violation of his constitutional rights.  (ECF No. 1 at PageID 3-4.)  Therefore, his insufficiently-alleged claim against Summit is dismissed for failure to state a claim to relief under § 1983,

### E.  Claim Of Inadequate Prison Grievance Procedure

On December 9, 2020, Jeffries filed: (1) grievance #37997 concerning the December Incident (ECF No. 1 at PageID 3; ECF No. 1-1 at PageID 5 ("Someone is trying to harm me in the kitchen!  I'm scared to eat now.  I didn't sign up to die due to staff neglect.  Peas will kill me!"); and (2) grievance #38000 concerning the December Incident as well (ECF No. 1 at PageID 3; ECF No. 1-1 at PageID 6.)

The Jail's January 6, 2021 response to grievance #37997 found Jeffries's allergy grievances to be "with merit" and pledged to "place[] your meals in foam plates to keep it from being with the other meals."  (ECF No. 1-1 at PageID 9.)  The Jail's January 12, 2021 response to grievance #38000 found Plaintiff's allergy grievance to be meritorious; however, since his housing assignment had been changed since the time of his grievance, Plaintiff's "new housing assignment resolved [his] complaint."  (ECF No. 1-1 at PageID 10.)

Jeffries argues that "there was a significant delay in receiving a response to my grievances." (ECF No. 1 at PageID 3.)  His dissatisfaction with the Jail's turnaround time is not an injury of constitutional dimensions.

"There is no inherent constitutional right to an effective prison grievance procedure." *LaFlame v. Montgomery Cnty. Sheriff's Dep't*, 3 F. App'x 346, 348 (6th Cir. 2001) (citing *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996)).  A § 1983 claim therefore cannot be

11

premised on contentions that the grievance procedure was inadequate. *Id.* Therefore, Jeffries's § 1983 claim of inadequate Jail grievance process is dismissed for failure to state a claim to relief.

### F. Retaliation Claim

Jeffries states that "shortly after I filed my grievances," his housing assignment was changed to a building where he no longer receives good-time credits. (ECF No. 1 at PageID 3.) He contends that this "was retaliation" for grieving the December and January Incidents. (*Id.*) He does not identify either the particular person(s) who implemented his housing change or its date.

The Court reviews Plaintiff's retaliation claim under the First Amendment. *See Harbin-Bey v. Rutter*, 420 F.3d 571, 579 (6th Cir. 2005) ("Retaliation on the basis of a prisoner's exercise of his First Amendment rights violates the Constitution"). A claim of retaliation has three elements:

> (1) the plaintiff engaged in protected conduct; (2) an adverse action was taken against the plaintiff that would deter a person of ordinary firmness from continuing to engage in that conduct; and (3) there is a causal connection between elements one and two — that is, the adverse action was motivated at least in part by the plaintiff's protected conduct.

*Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (en banc). "Protected conduct, for the purposes of a First Amendment retaliation claim, encompasses a prisoner's efforts to access the courts in ... civil rights claims." *Bell v. Johnson*, 308 F.3d 594, 607 (6th Cir. 2002); *see Thaddeus-X*, 175 F.3d at 391. "[T]he plaintiff must be able to prove that the exercise of the protected right was a substantial or motivating factor in the defendant's alleged retaliatory conduct." *Smith v. Campbell*, 250 F.3d 1032, 1037 (6th Cir. 2001) (citing *Mount Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977)). Although Jeffries alleges "temporal proximity," *see Walton v. Gray*, 695 F. App'x 144, 146 (6th Cir. 2017) (citing *Hill*, 630 F.3d at 475-76), between his grievances and his housing re-assignment, he does not offer any factual allegations in support of

his conclusory contention.  For example, he does not identify the actual date of the re-assignment in relation to his grievance submissions.  Jeffries's complaint does not state a cognizable First Amendment claim for unconstitutional retaliation.

In addition, to the extent Jeffries alleges wrongful re-assignment to a non-credit building, *see* ECF No. 1 at PageID 4, his claim is still unavailing.  Prisoners do not have a constitutional right to be assigned to a particular housing assignment.  *See Sandin v. Conner*, 515 U.S. 472, 484–87 (1995); *Nunez v. FCI Elkton*, 32 F. App'x 724, 725 (6th Cir. 2002).

For all of these reasons, Jeffries's claims of retaliation and of wrongful housing assignment are dismissed.

### III.   AMENDMENT UNDER THE PLRA

The Sixth Circuit has held that a district court may allow a prisoner to amend his complaint to avoid a *sua sponte* dismissal under the PLRA.  *LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013) ("[W]e hold, like every other circuit to have reached the issue, that under Rule 15(a) a district court can allow a plaintiff to amend his complaint even when the complaint is subject to dismissal under the PLRA"); *see also Brown v. R.I.*, 511 F. App'x 4, 5 (1st Cir. 2013) (per curiam) ("Ordinarily, before dismissal for failure to state a claim is ordered, some form of notice and an opportunity to cure the deficiencies in the complaint must be afforded").  Leave to amend is not required where a deficiency cannot be cured.  *Gonzalez-Gonzalez v. United States*, 257 F.3d 31, 37 (1st Cir. 2001) ("This does not mean, of course, that every *sua sponte* dismissal entered without prior notice to the plaintiff automatically must be reversed.  If it is crystal clear that ... amending the complaint would be futile, then a *sua sponte* dismissal may stand."); *Curley v. Perry*, 246 F.3d 1278, 1284 (10th Cir. 2001) ("We agree with the majority view that *sua sponte* dismissal of a

meritless complaint that cannot be salvaged by amendment comports with due process and does not infringe the right of access to the courts"). The Court grants Jeffries leave to amend.

## IV. CONCLUSION

For all of the reasons explained above:

(1) The complaint is **DISMISSED WITHOUT PREJUDICE** in its entirety for failure to state a claim on which relief can be granted, pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1). Moreover, it is not within the province of this Court to supervise the housing assignments of inmates in state prisons; and

(2) Leave to amend is **GRANTED**. Any amendment must be filed within twenty-one (21) days after the date of this order. Plaintiff is advised that an amended complaint will supersede the original complaint and must be complete in itself without reference to the prior pleadings. The amended complaint must be signed, and the text of the amended complaint must allege sufficient facts to support each claim without reference to any extraneous document. Any exhibits must be identified by number in the text of the amended complaint and must be attached to the complaint. All claims alleged in an amended complaint must arise from the facts alleged in the original complaint. Each claim for relief must be stated in a separate count and must identify each Defendant sued in that count. If Plaintiff fails to file an amended complaint within the time specified, the Court will dismiss this case and enter judgment. The Court recommends that any such dismissal of this case should be treated as a strike pursuant to 28 U.S.C. § 1915(g). *See Simons v. Washington*, No. 20-1406, 2021 WL 1727619, at *1 (6th Cir. May 3, 2021).

**SO ORDERED**, this 19th day of July, 2021.

*s/John T. Fowlkes, Jr.*
JOHN T. FOWLKES, JR.
UNITED STATES DISTRICT JUDGE
