IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| IAN C. JEFFRIES, ) | |
| ) | |
|    Plaintiff, ) | |
| ) | No. 2:21-cv-02161-JTF-atc |
| ) | |
| v. ) | |
| ) | |
| SHELBY COUNTY DEPARTMENT OF ) | |
| CORRECTIONS, ET AL., ) | |
| ) | |
|    Defendants. ) | |

**ORDER DISMISSING AMENDED COMPLAINT WITH PREJUDICE (ECF NO. 10);
DENYING LEAVE TO AMEND;
CERTIFYNG AN APPEAL WOULD NOT BE TAKEN IN GOOD FAITH;
DENYING LEAVE TO APPEAL *IN FORMA PAUPERIS*;
DISMISSING CASE;
NOTIFYING PLAINTIFF OF APPELLATE FILING FEE;
AND RECOMMENDING THAT THIS DISMISSAL BE TREATED AS A STRIKE
UNDER 28 U.S.C. § 1915(g)**

On March 16, 2021, Plaintiff Ian C. Jeffries, who at that time was incarcerated at the Shelby County Department of Corrections in Memphis, Tennessee, filed a *pro se* complaint pursuant to 42 U.S.C. § 1983. (ECF No. 1.)[1] On July 19, 2021, the Court dismissed Jeffries's complaint without prejudice and granted leave to amend on or before August 9, 2021. (ECF No. 5 (the Screening Order).) On August 23, 2021, the Court entered an Order to Show Cause, directing Plaintiff to demonstrate on or before September 1, 2021 why judgment should not be entered.

---

[1] According to the Tennessee Department of Correction Felony Offender Information website, Jeffries is presently assigned to the Memphis Probation and Parole Office for four years. (*See* https://apps.tn.gov/foil-app/details.jsp.) On August 27, 2021, Jeffries notified the Court of his new address. (ECF No. 8.)

(ECF No. 7.) On September 1, 2021, Jeffries filed an amended complaint (ECF No. 10), which is presently before the Court for screening under the Prison Litigation Reform Act. *See* 28 U.S.C. § 1915A; 28 U.S.C. § 1915(e)(2).

Plaintiff's amended complaint names two of the Defendants whom he sued in his initial pleading: (1) Shelby County; and (2) Summit Food Services (Summit).[2] (ECF No. 10 at PageID 36.) The Clerk shall modify the docket to add these Defendants named in the amended complaint: (1) "Employees of the Shelby County Department of Corrections"; and (2) "Employees of Summit Food Services."

The amended complaint seeks: (1) $350,000 "for the pain and suffering I endured as a result of severe allergic reactions"; and (2) reinstatement of Jeffries's housing assignment to a building eligible for good-time credits. (*Id*. at PageID 39.)

For the reasons explained below: (1) the amended complaint (ECF No. 10) fails to state a claim to relief and is **DISMISSED WITH PREJUDICE**; (2) leave to amend is **DENIED**; and (3) this case is **DISMISSED.**

I.   **LEGAL STANDARDS**

The Screening Order summarized: (1) the legal standard for screening Plaintiff's claims; and (2) the requirements to state a claim under 42 U.S.C. § 1983. (ECF No. 5 at PageID 17-18.) The Court applies those same standards and requirements to Plaintiff's amended complaint.

---

[2] The amended complaint does not expressly name Shelby County Department of Corrections (SCDC), Ms. Williams, or Sergeant Eskedes, all of whom are presently Defendants in this case. (*See* ECF No. 10 at PageID 36-37.) Rather, Plaintiff's amended pleading refers to these three Defendants in its factual allegations. (*Id*. at PageID 38-39.)

## II.     DISCUSSION

The factual allegations of Jeffries's initial and amended complaints are mirror images as to the December 7, 2020 and January 9, 2021 food allergy incidents at issue.[3] (ECF No. 10 at PageID 38-39; ECF No. 1 at PageID 2-3.) The amended complaint adds only that: Plaintiff uses his commissary funds to obtain allergen-free food; and Jeffries's allergy-friendly meal options are "usually cold sandwiches." (ECF No. 10 at PageID 38.)

### A. Claims Against Shelby County

Jeffries's amended complaint contends that "someone" is "trying to harm" him based on that individual's decision to serve Plaintiff food either containing peas and coconut or prepared near such ingredients. (ECF No. 10 at PageID 38.)

Similar to Plaintiff's initial pleading, the amended complaint describes no Shelby County policy at all, much less one pursuant to which Jeffries suffered constitutional deprivation. *See Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003) (to demonstrate municipal liability, a plaintiff "must (1) identify the municipal policy or custom, (2) connect the policy to the municipality, and (3) show that his particular injury was incurred due to execution of that policy"). Therefore, nothing in the amended complaint alters the Screening Order's analysis of Jeffries's claims against

---

[3] For example, both of Plaintiff's complaints indicate that he is "highly allergic to peas and coconut." (ECF No. 10 at PageID 37; ECF No. 1 at PageID 2.) Jeffries maintains that his food "should not be prepared near peas or with the same utensils used to prepare food made with peas or coconut." (ECF No. 10 at PageID 37-38; ECF No. 1 at PageID 3.) "Most of the meals served at the Shelby County Penal Farm contain peas." (ECF No. 10 at PageID 38; ECF No. 1 at PageID 2.) On December 7, 2020, Jeffries suffered "a severe allergic reaction" after he was served food "that had been in contact with peas." (ECF No. 10 at PageID 38; ECF No. 1 at PageID 2.) Plaintiff is critical of the manner in which counselor Williams responded to his medical situation that day. (*Id.*) Jeffries also had an allergic reaction to food on January 9, 2021, for which Sergeant Eskedes "cursed" at Plaintiff. (ECF No. 10 at PageID 38; ECF No. 1 at PageID 3.) Jeffries has used both Epinephrine and Benadryl at the jail to treat his allergic reactions to food. (*Id.*)

Shelby County.  (*See* ECF No. 5 at PageID 19-20.)  The amended complaint's claims against Shelby County fail to state a claim to relief and are **DISMISSED WITH PREJUDICE**.

### B.  Claims Against Employees Of SCDC & Employees Of Summit

The amended complaint names the "Employees of the Shelby County Department of Corrections" and the "Employees of Summit Food Services" as Defendants.  (ECF No. 10 at PageID 37.)  Jeffries does "not know specifically" who is "trying to harm" him by "repeatedly serv[ing] [him] food with peas or food prepared around peas."  (*Id*. at PageID 38.)

Jeffries fails to state a claim against any personnel of either the SCDC or Summit.  He cannot make claims against a universe of unspecified persons who have no notice of claims against them.  *See*, *e.g.*, *Marcilis v. Twp. of Redford*, 693 F.3d 589, 596–97 (6th Cir. 2012).

Furthermore, collective liability -- *i.e.,* when claims are brought against a group of persons -- is not permitted under § 1983.  Individual, personal involvement is required.  Jeffries's use of the term "employees" as a name for alleged defendants, without the naming of specific SCDC or Summit employees, is insufficient to state a claim against a § 1983 "person."  *See*, *e.g.*, *Hix v. Tenn. Dep't of Corr.*, 196 F. App'x 350, 355 (6th Cir. 2006).

Therefore, Jeffries's amended claims against SCDC employees and Summit employees are **DISMISSED WITH PREJUDICE** for failure to state a claim to relief.

### C.  Claims Against The SCDC

To the extent that Jeffries asserts a claim against SCDC itself, *see* ECF No. 10 at PageID 37 (naming SCDC "employees" as Defendants), the amended complaint fails to state a claim to relief.  As the Screening Order noted, governmental departments and divisions are not suable entities.  (ECF No. 5 at PageID 19.)  Even if the amended complaint's claims against SCDC are construed as claims against Shelby County, *see generally Hafer v. Melo*, 502 U.S. 21 (1991),

Jeffries's amended pleading fares no better. As noted *supra*, he alleges no facts demonstrating that he incurred a constitutional deprivation due to execution of a Shelby County policy or custom. *See also Monell v. Dep't. of Soc. Serv.*, 436 U.S. 658, 691-92 (1978). In short, nothing in the amended complaint alters the Screening Order's analyses of Jeffries's claims against the SCDC. (ECF No. 5 at PageID 19.)

Therefore, Jeffries's amended claims against the SCDC are **DISMISSED WITH PREJUDICE** for failure to state a claim to relief.

### D. Claims Against Summit Food Services

To the extent the amended complaint asserts a claim against Summit, *see* ECF No. 10 at PageID 37 (naming Summit "employees" as Defendants), Jeffries fails to state a claim to relief. As the Screening Order noted, Jeffries "must show that a policy or well-settled custom of the company was the 'moving force' behind the alleged deprivation" of his rights. (ECF No. 5 at PageID 25 (internal citations omitted).) Jeffries still fails to do so in the amended complaint. At most, he contends that someone among Summit's food staff may harbor personal animosity against him. (*See* ECF No. 10 at PageID 38.) This is insufficient to demonstrate a corporate policy by which Jeffries suffered an unconstitutional harm. *See Braswell v. Corr. Corp. of Am.*, 419 F. App'x 622, 627 (6th Cir. 2011).

Nothing in the amended complaint alters the Screening Order's analyses of Jeffries's claims against Summit. (ECF No. 5 at PageID 25-26.) Therefore, Jeffries's amended claims against Summit are **DISMISSED WITH PREJUDICE** for failure to state a claim to relief.

### E. Individual Capacity Claims For Violation Of Jeffries's Eighth Amendment Rights

The Screening Order noted that a plaintiff asserting an Eighth Amendment claim for nutritional deprivation must offer facts demonstrating that correctional officials prevented him

from receiving a nutritionally adequate diet. (ECF No. 5 at PageID 23 (internal citations omitted).) Presumably in response to this principle as discussed in the Screening Order, the amended complaint alleges:

> If not for my commissary, most days I wouldn't have food to eat, as peas are served 4 out of 7 days and there were several instances when penal farm officers refused to provide me with another food option when I refused a tray because of peas. They were subsequently written up for this. One evening I called in a favor and County Commissioner Van Turner made some phone calls to insure that I was provided with dinner that day. If I was given an alternative meal, it would usually be cold sandwiches, depriving me of one hot meal per day.

(ECF No. 10 at PageID 38.)

Even accepting these allegations as true for screening purposes, the amended complaint still fails to sufficiently allege either prong of an Eighth Amendment claim.

(1)   As to the Eighth Amendment's objective prong, the amended complaint echoes the dangers posed by Jeffries's food allergies. (ECF No. 10 at PageID 38-39 (constricted breathing and chest swelling); ECF No. 1 at PageID 4.) Even assuming that Jeffries experienced those symptoms on the relevant dates in confinement, he still alleges no facts demonstrating that Defendants prevented him from receiving a nutritionally adequate diet. An Eighth Amendment claim of constitutional harm must demonstrate such inadequacy in order to be colorable.

For example, while Jeffries certainly seems less than pleased with "cold sandwich[es]," he does not show that those alternative meals were nutritionally lacking. (ECF No. 10 at PageID 38.) And although "peas are served 4 out of 7 days," *see id.*, this does not mean that all food at the jail contains exclusively peas or coconut, or were prepared in such allergens' proximity.

And while Jeffries is displeased with having to use his inmate account to purchase non-allergen food, *see id.*, the record here lacks any showing of insufficient funds in Jeffries's commissary account to buy pea-free and coconut-free options. *See generally Bailey v. Carter*, 15

6

F. App'x 245, 250 (6th Cir. 2001) (finding inmates' Eighth Amendment claim meritless where they alleged they had to pay for medication, not that they were denied medication).

Furthermore, nothing in the Constitution guarantees "one hot meal per day," such as Jeffries seems to suggest. (*See* ECF No. 10 at PageID 38.) Rather, correctional facilities must provide food -- whether hot or cold -- that is sufficient to maintain health. (*See* ECF No. 5 at PageID 23 (internal citations omitted).)

Nor has Jeffries alleged any weight loss or symptoms of malnutrition. (*See* ECF No. 10 at PageID 38-39; *see also* ECF No. 5 at PageID 23 (internal citations omitted).) In fact, Jeffries claims he had success when he circumvented the jail's customary channels in order to obtain an allergen-free meal. (*See* ECF No. 10 at PageID 38 (Plaintiff obtained dinner after "call[ing] in a favor" with County Commissioner Van Turner).)

In sum, Jeffries's food allergies may themselves be "sufficiently serious." *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994). But he still does not demonstrate that food provided at the jail posed "a substantial risk of serious harm" to him from inadequate nutrition. "This is not a case where food and nutrition were withheld entirely." *See Balcar v. Smith*, No. 17-5159, 2017 WL 3613479, at *2 (6th Cir. July 17, 2017). The Eighth Amendment's objective prong is not met.

(2) As to the Eighth Amendment's subjective prong, Plaintiff's allegation of a conspiracy against him among unspecified persons in the jail kitchen does not demonstrate any Defendant's Eighth Amendment deliberate indifference. (ECF No. 10 at PageID 38.) The amended complaint does not contend that any particular Defendant specifically knew about Jeffries's pea and coconut allergy and nonetheless served him foods containing, or crossed with, those allergens. At most, Jeffries suggests administrative oversight concerning special diets at the jail. (*Id*. at PageID 38-39.) But any such inattentiveness does not demonstrate an

unconstitutionally culpable state of mind for Eighth Amendment purposes. Jeffries alleges no facts from which to plausibly infer otherwise.

In conclusion, the amended complaint does not allege a cognizable Eighth Amendment claim.

For all of the foregoing reasons, the amended complaint fails to state a claim to relief and is **DISMISSED WITH PREJUDICE** in its entirety.

### III.    AMENDMENT UNDER THE PLRA

The Court also **DENIES** leave to amend under 28 U.S.C. §§ 1915(e)(2) and 1915A(b). The Sixth Circuit has held that a district court may allow a prisoner to amend his complaint to avoid dismissal under the PLRA. *LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013). In fact, the Sixth Circuit prefers "liberality" in allowing amendment at the screening stage under the PLRA. *Lucas v. Chalk*, 785 F. App'x 288, 292 (6th Cir. 2019). And the Court has also stated "[i]f it is at all possible that the party ... can ... state a claim for relief, the court should dismiss with leave to amend." *Id.* (quoting *Brown v. Matauszak*, 415 F. App'x 608, 614 (6th Cir. 2011)).

Even so, the Court has already allowed Plaintiff to amend his complaint. (*See* ECF Nos. 5 & 10.) And yet, Jeffries still failed to state a claim for relief. So here, the Court finds that further amendment would be futile. *See Gonzalez-Gonzalez v. United States*, 257 F.3d 31, 37 (1st Cir. 2001) ("If it is crystal clear that ... amending the complaint would be futile, then a *sua sponte* dismissal may stand."); *Curley v. Perry*, 246 F.3d 1278, 1284 (10th Cir. 2001). For these reasons, the Court **DENIES** Plaintiff leave to amend his claims yet another time.

### IV.    APPELLATE ISSUES

Under Federal Rule of Appellate Procedure 24(a) and 28 U.S.C. § 1915(a)(3), the Court has to also consider whether an appeal by Plaintiff here would be taken in good faith. *See Callihan*

*v. Schneider*, 178 F.3d 800, 803–04 (6th Cir. 1999). Under Rule 24(a), if the district court permits a party to proceed *in forma pauperis*, that party may also proceed on appeal *in forma pauperis* without further authorization. That is, unless the district court "certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed *in forma pauperis*." Fed. R. App. P. 24(a)(3)(A). If the district court denies pauper status, the party may move to proceed *in forma pauperis* in the Court of Appeals. Fed. R. App. P. 24(a)(4)–(5).

The good faith standard is an objective one. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). The test for whether a party appeals in good faith is if the litigant seeks appellate review of any issue that is not frivolous. *Id.* "It would be inconsistent for a court to determine that a complaint should be dismissed prior to service on Defendants but has sufficient merit to support an appeal *in forma pauperis*." *DePriest v. Prestress Servs., Inc.*, No. 13-2768-JDT-cgc, 2014 WL 1269933, at *1 (W.D. Tenn. Mar. 27, 2014) (citing *Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983)). For the same reasons this Court dismisses the amended complaint for failure to state a claim, the Court finds that an appeal would not be taken in good faith. The Court therefore **CERTIFIES**, under Federal Rule of Appellate Procedure 24(a), that any appeal by Jeffries would not be taken in good faith. The Court **DENIES** leave to proceed on appeal *in forma pauperis*. If Plaintiff appeals, he must pay the $505 appellate filing fee or move for leave to appeal *in forma pauperis* with a supporting affidavit in the Sixth Circuit. *See* Fed. R. App. P. 24(a)(5).

V.      **NOTICE OF STRIKE RECOMMENDATION**

The "three strikes" provision of 28 U.S.C. § 1915(g) prevents a court from granting *in forma pauperis* status to a prisoner who "has, on 3 or more prior occasions, while incarcerated ... brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. §

9

1915(g). For § 1915(g) analysis of Plaintiff's future filings, if any, the Court recommends that the instant dismissal of this case be treated as a strike pursuant to 28 U.S.C. § 1915(g). *See Simons v. Washington*, No. 20-1406, 2021 WL 1727619, at *1 (6th Cir. May 3, 2021).

## VI. CONCLUSION

For all of the reasons explained above:

(1) The amended complaint (ECF No. 10) is **DISMISSED WITH PREJUDICE** in its entirety for failure to state a claim to relief, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1);

(2) Leave to amend is **DENIED**; and

(4) This case is **DISMISSED**.

Judgment shall be entered and this case shall be closed.

**IT IS SO ORDERED** this 14th day of September, 2021.

                                              *s/John T. Fowlkes, Jr.*
                                              JOHN T. FOWLKES, JR.
                                              UNITED STATES DISTRICT JUDGE